FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 24 A 11: 10

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

MATTHEW HENRY LADOUCEUR,     :
          :
       Petitioner,         :
          :
      v.                  :       CIVIL ACTION NO.: CV206-117
          :
JOSE M. VAZQUEZ, Warden,      :
          :
       Respondent.      :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Matthew Henry Ladouceur ("Ladouceur"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Ladouceur filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Ladouceur pleaded guilty in the Middle District of Florida to kidnapping, in violation of 18 U.S.C. § 1201, and interstate domestic violence, in violation of 18 U.S.C. § 2261. Ladouceur was sentenced to 180 months' imprisonment on the kidnapping offense and 120 months' imprisonment on the domestic violence offense, with the sentences to run

AO 72A
(Rev. 8/82)

concurrently.   Ladouceur filed an appeal, and the Eleventh Circuit Court of Appeals dismissed his appeal.   Ladouceur filed a motion to vacate, correct, or set aside his conviction pursuant to 28 U.S.C. § 2255 in the Middle District of Florida; that court denied that motion. Ladouceur filed a motion pursuant to FED. R. CIV. P. 60(b), and the District Court for the Middle District of Florida denied that motion as well.  The Eleventh Circuit denied Ladouceur's application for leave to file a successive § 2255 petition.

In the instant petition, Ladouceur asserts that his trial counsel was ineffective for: not objecting to his Pre-Sentence Investigation Report; not filing a "5K motion" for a downward departure based on "diminished mental capacity; failing to "come up with a defense" to his charged crimes; and not objecting to the Government's "back door" violation of his plea agreement.  (Pet., pp. 4-5.) Ladouceur alleges that he did not plead to three enhancements, nor were they presented to a jury, and thus, his sentence violates Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Ladouceur also alleges that the victim's testimony at sentencing conflicted with the factual basis of the plea agreement.  Ladouceur further alleges that the Government cited a case during the sentencing proceedings and did not provide a copy of the case to his counsel. Finally, Ladouceur alleges that the trial court erred in imposing his sentence because the victim of his crimes asked the court for leniency.  (Pet., Att. 2.)

Respondent avers that Ladouceur's petition fails for two (2) reasons and should be dismissed.  First, Respondent contends that Ladouceur has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241.  Second, Respondent contends that Blakely and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.

2

Ed. 2d 621 (2005), do not apply retroactively to cases on collateral review.  (Mot., p. 5 & n.2.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a motion collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction.  28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).  Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied).  The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy.  Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Ladouceur has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because this statute "does not apply." (Pet., p. 7.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Ladouceur sets forth a claim in his petition based on the Supreme Court's decisions in Blakely and Booker (which extends the holding of Blakely to the United States Sentencing Guidelines). However, the Supreme Court has not made its decisions in

4

Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Ladouceur was sentenced in the Middle District of Florida on July 27, 1999. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Ladouceur to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

Ladouceur has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. The trial court's denials of Ladouceur's previously filed motions do not render section 2255's remedy inadequate or ineffective. Ladouceur has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Ladouceur cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. It is of no consequence that "[i]ssues were raised in this motion that were not raised in [Ladouceur's] appeal [or Ladouceur's] 28 U.S.C. § 2255 [motion]." (Doc. No. 8, p. 1.) "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Ladouceur is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**. Ladouceur's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24 day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)